**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

MOHADDED AL FALAHI,

        Petitioner,

vs.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

        Respondent.

2:16-cv-02921-JAD-VCF

**ORDER**

MOTION FOR PROTECTIVE ORDER (ECF No. 13)

Before the Court is Respondent United States Citizenship and Immigration Services's ("USCIS")
Motion for Protective Order. (ECF No. 13). For the reasons discussed below, USCIS's motion is granted.

**BACKGROUND**

On January 19, 2016, USCIS denied Al Falahi's application for naturalization. (ECF No. 1 at 2).
USCIS denied Al Falahi's administrative appeal on August 22, 2016. (*Id.* at 3). On December 16, 2016,
Al Falahi filed a Petition for De Novo Review of Denial of Application for Naturalization and Request
for Hearing Pursuant to 8 U.S.C. § 1421(c). (*Id.* at 1).

As part of this case, Al Falahi served on USCIS a Rule 30(b)(6) notice of deposition and Rule 45
subpoena related to the Controlled Application Review and Resolution Program ("CARRP"). (ECF No.
13 at 4). Al Falahi believes that his naturalization application was subjected to CARRP, which he asserts
"unjustifiably labels law abiding citizenship applicants as 'national security concerns' based on lawful
religious activity, national origin, and innocuous associations" and leads to applications being denied for
pretextual reasons. (ECF No. 1 at 3). Specifically, Al Falahi believes his application was "denied because

he was unconstitutionally subject to CARRP" rather than the reason USCIS gave: "that false testimony was given during the statutory period for the purpose of obtaining an immigration benefit." (*Id.* at 10).

On October 11, 2017, USCIS filed a motion for protective order. (ECF No. 13). USCIS asserts that the Court should prevent discovery into matter relating to CARRP and quash Al Falahi's notice of deposition and subpoena because the information is irrelevant and privileged. (*Id.* at 1-2). USCIS argues the information is irrelevant because "[t]he one and only question before this Court remains whether Petitioner is qualified for naturalization, not whether the agency made the right decision or the process it used." (*Id.* at 7). USCIS also argues that "[a]cknowledging that a particular individual has an articulable link to national-security related grounds of inadmissibility or removability...could understandably cause the individual, or his associates, to seek out means to avoid detection, or frustrate an on-going investigation by revealing to the individual that the government has information." (*Id.* at 8).

In opposition, Al Falahi argues the information is relevant to this case because "a de novo review does not require the court to turn a blind eye to any previous errors by USCIS." (ECF No. 16 at 5). Al Falahi also argues the law enforcement privilege does not apply because "vague generalities about possible implications to unnamed investigations" does not demonstrate a need to protect information regarding CARRP. (*Id.* at 6-7). In addition, the USCIS may have used CARRP to find "evidence that it plans to use to rebut Mr. Al Falahi's eligibility for citizenship" (*Id.* at 4). In its reply, USCIS asserts that it has provided Al Falahi "with all the evidence upon which it currently intends to rely in defense of this case" and CARRP plays no role in USCIS's case. (ECF No. 17 at 2). The Court held a hearing on November 27, 2017 to allow oral arguments on this matter. (ECF No. 19).

## DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "A party or any person from whom discovery is sought may

move for a protective order in the court" on the grounds of "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

USCIS asserts that whether it applied CARRP to Al Falahi's application and how the program operates are irrelevant to the Court's de novo review of Al Falahi's denial of application for naturalization. (ECF No. 13 at 7). Pursuant to 8 U.S.C. § 1421 (c):

> A person whose application for naturalization under this subchapter is denied… may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

"An applicant bears the burden to show his or her eligibility for citizenship in every respect." *Hussein v. Barrett*, 820 F.3d 1083, 1088 (9th Cir. 2016).

The Court finds that details of CARRP are irrelevant to the Court's de novo review of Al Falahi's application for naturalization. The only issue before the Court is whether Al Falahi is qualified for citizenship. The case is about Al Falahi's qualifications at the time of the Court's final hearing, not about the past processes of USCIS. "[T]he district court has the final word and does not defer to any of the INS's findings or conclusions." *United States v. Hovsepian*, 359 F.3d 1144, 1162 (9th Cir. 2004); *see also Khan v. United States Citizenship & Immigration Servs.*, No. 15-CV-23406, 2017 WL 698512, at *5 (S.D. Fla. Feb. 22, 2017) ("this Court also does not defer to any of the agency's procedures in making that de novo determination—including the alleged application of CARRP"). In addition, USCIS has stated that it has already provided Al Falahi "with all the evidence upon which it currently intends to rely in defense of this case," (ECF No. 17 at 2), so there is no need to inquire as to whether USCIS discovered any additional information through CARRP.

At the November 30, 2017 hearing, Al Falahi brought up the possibility of challenging USCIS witnesses' credibility by asking whether CARRP impacted their finding that Al Falahi gave false

testimony. Assuming *arguendo* that this question would be relevant to credibility,[1] USCIS stated that it would object to this question on the grounds of privilege. Without attempting to predict how the District Court judge would handle this issue at the final review hearing, this Court is persuaded that the law enforcement privilege prevents USCIS's witnesses from discussing details about the CARRP program. "[I]t is well established that the law enforcement privilege may be asserted to preserve the future effectiveness of an investigative technique." *Shah v. Dep't of Justice*, 89 F. Supp. 3d 1074, 1081 (D. Nev. 2015). As USCIS argues, revealing details about CARRP may hinder its effectiveness going forward, as the subject of the investigation and other individuals who become familiar with the investigation's details may develop ways to avoid scrutiny.[2]

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that USCIS's Motion for Protective Order (ECF No. 13) is hereby GRANTED.

DATED this 30th day of November, 2017.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is not entirely persuaded on this issue. The case Al Falahi cites regarding the District Court's credibility determinations discussed the naturalization application, USCIS interview, and documents cited by USCIS in its decision to deny citizenship. *Abusamhadaneh v. Taylor*, 873 F. Supp. 2d 682 (E.D. Va. 2012). Al Falahi can discuss this information without any reference to CARRP.

[2] The Court is not persuaded by Al Falahi's citation to *Wagafe v. Trump*, No. C17-94-RAJ (W.D. Wash. Oct. 19, 2017). *Wagafe* dealt with a class action challenge directly against CARRP and found the particular litigants' need to access CARRP information outweighed the Government's reasons for withholding. In this case, a single plaintiff's request for CARRP information in relation to a de novo review of his citizenship denial does not outweigh the Government's reason for withholding.

4