# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Mohammad Al Falahi,

    Petitioner

v.

United States Citizenship and Immigration Service,

    Respondent

Case No.: 2:16-cv-02921-JAD-VCF

**Order Denying the Parties' Motions for Summary Judgment and Directing them to File a Joint Pretrial Order**

[ECF Nos. 25–26]

Petitioner Mohammad Al Falahi is a Lawful Permanent Resident who originally came to the United States as a refugee from Iraq and applied to the U.S. Citizenship and Immigration Services (USCIS) in 2014 to naturalize as a U.S. citizen. USCIS denied Al Falahi's application, finding that he failed to demonstrate that he was "a person of good moral character"[1] because he had "given false testimony" during the application process "for the purpose of" gaining citizenship.[2] Al Falahi petitions for review of his naturalization application under 8 U.S.C. § 1421(c), which allows a district court to "conduct a hearing de novo on [an] application." Both parties have moved for summary judgment, asking me to determine whether Al Falahi gave false testimony—a question that hinges on whether Al Falahi, in giving the answers he did, "had a subjective intent to deceive [immigration officials] for the purpose of obtaining" citizenship.[3]

---

[1] 8 U.S.C. § 1427(a) (requiring an applicant to show that he was "a person of good moral character during" the five years preceding his application and "up to the time of admission to citizenship"); 8 C.F.R. § 316.10(a) (same).

[2] 8 U.S.C. § 1101(f)(6) ("No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established is, or was . . . one who has given false testimony for the purpose of obtaining any benefits under this chapter . . . .").

[3] *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001) ("For a witness's false testimony to preclude a finding of good moral character, the testimony must have been made orally and under

But his state of mind during the application process is a question of fact, [4] and I cannot weigh Al Falahi's credibility on the record alone. I therefore deny both motions and direct the parties to file a joint pretrial order.

**Legal standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[5] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[6] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[7]

If the moving party satisfies Rule 56[8] by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[9] "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."[10]

---

oath, and the witness must have had a subjective intent to deceive for the purpose of obtaining immigration benefits.").

[4] *United States v. Hovsepian*, 422 F.3d 883, 887 (9th Cir. 2005) (en banc).

[5] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[6] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[7] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[8] The Federal Rules of Civil Procedure apply to § 1421(c) proceedings. Fed. R. Civ. P. 81(a)(3).

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[10] *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

**Discussion**[11]

In denying Al Falahi's application, USCIS determined that he falsely testified under oath during his naturalization interviews that he has never "been associated with, or a been a member of, any organization, association, . . . party, [etc.] outside of the United States" because he revealed in his refugee application years earlier that he was required during high school in Iraq to sign a loyalty pledge to the Ba'ath party.[12] USCIS also determined that Al Falahi testified inconsistently about the events leading up to him fleeing Iraq, including whether he was personally threatened.[13] In moving for summary judgment on Al Falahi's pending petition, USCIS advances these same conclusions and also argues that Al Falahi falsely testified during his application process about whether he ever lived in Syria.[14]

Al Falahi argues that he had no intention of lying during his naturalization interviews and that any inaccuracies in his responses were the result of "unartful and confusing questions" asked by USCIS officers.[15] For instance, he contends that he stated that he was never a member of an organization because he never considered himself a Ba'ath party member.[16] He explains, as he did throughout the application process, that he was forced to sign a loyalty pledge to obtain his high school degree and that failing to sign would have placed him and his family in danger.[17] Al

---

[11] The parties are familiar with the facts of this case, so I recount them only as necessary.

[12] ECF No. 27-9 (USCIS decision denying naturalization application); ECF No. 27-12 (administrative appeal affirming denial).

[13] ECF No. 27-9; ECF No. 27-12.

[14] *See, e.g.*, ECF No. 25 at 15–20 (USCIS summary-judgment motion).

[15] *E.g.*, ECF No. 26 at 4.

[16] *Id*. at 24.

[17] *Id*.; *see also* ECF No. 27-9 at 5–6 (USCIS decision quoting naturalization interview).

Falahi attests that he "never attended any Ba'ath Party Meetings, never made any payments to the Ba'ath party, and never engaged in any activities relating to the Ba'ath party."[18]

Both parties parse the administrative record and highlight portions of the discovery in this case to "prove" whether Al Falahi intended to lie. For example, USCIS points to the fact that he disclosed the Ba'ath party issue years earlier during his refugee application when asked on a form to list any "[p]olitical, professional[,] or social organizations" he had been a member of since turning 16.[19] Al Falahi counters that he provided that response because he was orally asked during his refugee interview about his involvement specifically with the Ba'ath party.[20] He similarly points to his second naturalization interview, where the USCIS officer first asked the generic membership question—to which Al Falahi answered no—and then followed up by asking specifically whether he was Ba'ath party member— to which Al Falahi again answered no but explained the mandatory pledge.[21] He argues that the fact that he volunteered additional information demonstrates that he had no intention of lying and that he subjectively believed he was not a "member" of the party.[22] But USCIS points to this same response and portrays it as Al Falahi attempting to cover once he was caught in a lie.[23]

The parties' arguments are effectively a battle of inferences. Because Al Falahi's intent is a question of fact and the evidence does not foreclose the possibility of either a truthful or deceitful intent—as to the membership question and the other responses flagged by USCIS—I

---

[18] ECF No. 26 at 24.
[19] ECF No. 29 at 3 (citing ECF No. 25-2 at 3 (refugee application)).
[20] ECF No. 32 at 8; ECF No. 27-1 at 39 (Al Falahi deposition).
[21] ECF No. 27-8 at 5.
[22] ECF No. 32 at 8.
[23] *E.g.*, ECF No. 29 at 3 n.1.

find that summary judgment is improper. Only after assessing Al Falahi's credibility will I be able to determine whether he gave inaccurate answers with "a subjective intent to deceive [immigration officials] for the purpose of obtaining" citizenship.[24] Indeed, in the decisions that Al Falahi primarily cites to, the district court ruled only after holding, at the minimum, an evidentiary hearing.[25] I therefore deny both summary-judgment motions. This case will proceed to a bench trial, so I direct the parties to submit a joint pretrial order.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the parties' motions for summary judgment **[ECF Nos. 25–26] are DENIED**. The parties must file **a joint pretrial order by May 1, 2019, that complies with Local Rule of Practice 16-4**. When offering potential trial dates in the joint order, the parties should identify dates in late spring or early summer.

Dated: March 31, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[24] *Ramos*, 246 F.3d at 1266. Although not addressed by the parties, the court is the finder of fact in a citizen petition. *See* 8 U.S.C. § 1421(c) (requiring the court to "make its own findings of fact and conclusions of law"); *Hussein v. Barrett*, 820 F.3d 1083, 1086 (9th Cir. 2016) (appeal taken from a bench trial on good-moral-character question).

[25] *Abusamhadaneh v. Taylor*, 873 F. Supp. 2d 682, 683 (E.D. Va. 2012) (bench trial held); *Atalla v. Kramer*, No. 09-cv-1610-PHX-NVW, 2011 WL 2457492, at *1 (D. Ariz. June 20, 2011) (evidentiary hearing held), *aff'd sub nom.*, *Atalla v. USCIS*, 541 F. App'x 760 (9th Cir. 2013).